### 11737.  STANTON *v.* FIRST NATIONAL BANK OF DUNN.

Where, for the purpose of levying on shares of stock in a bank, the levying officer made a demand upon its cashier for information as to the number of shares owned by the defendant, and their par value, and as to the numbers of the stock-certificates held by him, and the cashier gave the information demanded as to the number of shares and their par value, as provided by the Civil Code (1910), § 6035, but refused to give the numbers of the stock-certificates, and upon a rule for contempt the court directed that he do so, and, on his failure to comply with this direction, adjudged him in contempt, the court erred in so adjudging, this additional information not being required by the statute.

DECIDED JANUARY 28, 1921.

Rule for contempt; from city court of Waycross — Judge Crawley.  July 14, 1920.

Application for certiorari was denied by the Supreme Court.

*Wilson & Bennett,* for plaintiff in error.

*Parks, Reed & Garrett,* contra.

LUKE, J.  This case grew out of the following facts:  The First National Bank of Dunn obtained a judgment against L. J. Cooper and J. S. Williams.  Execution was placed in the hands of the sheriff, who made demand upon Stanton, as cashier and vice-president of the First National Bank of Waycross, for information as to the number of shares of the capital stock of that bank owned by Cooper and the numbers of the stock-certificates held by him, and as to the par value of the shares; and in response to this demand Stanton notified the sheriff that the books of the

bank indicated that Cooper owned 874 shares of the capital stock, of the par value of $100 per share, but declined to give the additional information requested. Thereupon the First National Bank of Dunn presented to the judge of the city court of Waycross a petition complaining of the aforesaid refusal and praying for a rule directed to Stanton, calling upon him to show cause why the information demanded was refused. Stanton answered that if the statute law of. Georgia embodied in the Civil Code (1910) § 6035, was applicable to a national bank, he had given all the information required of him by that section. The court nevertheless required him to furnish the information refused, and upon his failure to do so adjudged him in contempt of court; and the case came to this court on exceptions to that judgment.

The code section in question provides as follows: " Shares in a bank or other corporation may be levied on and sold, either under attachment or fi. fa., in any county where the corporation does business — notice of such levy being given to the defendant, if his residence be known, and also to the officers or agent of the corporation in the county where the levy is made. Upon demand by any sheriff, constable, or other levying officer of this State, having in his hands any execution or attachment against any person who is the owner of any shares or stock of said bank or joint-stock company upon the president, superintendent, manager, or other officer of any corporation or joint-stock company having access to the books thereof, said president, superintendent, manager, or other officer aforesaid shall disclose to said levying officer the number of shares and the par value thereof owned by the defendant in execution or attachment, and on refusal to do so, shall be considered in contempt of court and punished accordingly." While the courts of this State " have the power to inflict summary punishment for contempt of court, for disobedience or resistance by any officer of court, party, juror, witness, or other person or persons, to any lawful writ, process, order, rule, degree. or command of said court " (Civil Code of 1910, § 4643), we are constrained to hold that in the instant case the wide discretion of the court was abused in adjudging the defendant in contempt, since the undisputed facts show that he complied with the strict letter of the statute; and until the General Assembly sees fit to supplement this statute, we do not think a person who com-

plies with its every provision can legally be said to be in con-. tempt. In other words, if the statute in question is imperfect (and it seems to be so, as it does not provide for such information as would enable a levying officer to make a legal sale of shares of stock), it cannot be made perfect by contempt proceedings, but can only be made so by legislative enactment.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*